**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**KRISTI LANE RICHARDSON**                                                 **PLAINTIFF**

**V.**                         **NO. 4:18CV00098-JM-JTK**

**NANCY A. BERRYHILL,**
**Deputy Commissioner for Operations,**
**performing the duties and functions not reserved**
**to the Commissioner of Social Security**                          **DEFENDANT**

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**I. Introduction:**

Plaintiff, Kristi Lane Richardson, applied for disability benefits on May 11, 2015, alleging a disability onset date of August 26, 2014. (Tr. at 15). After conducting a hearing, the Administrative Law Judge ("ALJ") denied her application. (Tr. at 23). The Appeals Council denied her request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner. Richardson has requested judicial review.

For the reasons stated below, this Court should reverse the ALJ's decision and remand for further review.

**II. The Commissioner's Decision:**

The ALJ found that Richardson had not engaged in substantial gainful activity during the

period from her alleged onset date of August 26, 2014 through her date last insured of December 31, 2015.[1] (Tr. at 17). At Step Two, the ALJ found that Richardson has the following severe impairments: comminuted fracture of the left arm and shoulder and status post fracture of the right shoulder. *Id*.

After finding that Richardson's impairments did not meet or equal a listed impairment (Tr. at 18), the ALJ determined that Richardson had the residual functional capacity ("RFC") to perform the full range of sedentary work. (Tr. at 19).

The ALJ found that Richardson was unable to perform any past relevant work. (Tr. at 21). Relying upon the testimony of the Vocational Expert ("VE") at Step Five, the ALJ found that, based on Richardson's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that she could perform, such as call out operator, surveillance system monitor, and bonder semi-conductor. (Tr. at 22). Consequently, the ALJ found that Richardson was not disabled. *Id.*

### III. <u>Discussion</u>:

    A.   Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

---

[1] Richardson must establish disability before the date last insured.

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

B.  Richardson's Arguments on Appeal

Richardson argues that substantial evidence does not support the ALJ's decision to deny benefits. She contends that, at Step Five, the ALJ failed to resolve a discrepancy between the VE testimony and the information in the *Dictionary of Occupational Titles* ("DOT"). For the following reasons, the Court agrees with Richardson.

Richardson suffered injury to both arms in a motorcycle accident in August 2014. (Tr. at 37). She had surgery on both arms. (Tr. at 352). On September 9, 2014, Richardson was having pain at night, and Norco medication was preventing her from sleeping. (Tr. at 300). Otherwise, she was doing well. *Id*. She was prescribed Oxycodone and Hydrocodone. (Tr. at 301). On October 7, 2014, she had limited range of motion in her shoulder and a small area that had not healed. (Tr. at 307). She was instructed to go to physical therapy and not to bear weight or lift anything. *Id*. On October 24, 2014, she told her doctor she was going to physical therapy. (Tr. at 292). On November 11, 2014, Richardson had mild swelling and limited range of motion in her shoulder. (Tr. at 314). She was continued on pain medications. (Tr. at 316). On December 30, 2014, she was doing well

3

with no pain. (Tr. at 321). In February 2015, Richardson again had limited range of motion and pain. (Tr. at 329). On September 18, 2015, x-rays looked good and by October 2015, she was doing well with no pain. (Tr. at 335, 343). Still, she was instructed to avoid weight bearing activities. (Tr. at 343).

Richardson argues that the ALJ failed to resolve an inconsistency between the information in the DOT and the VE testimony. Before relying on VE evidence to support a determination that a claimant is not disabled, the ALJ has an affirmative responsibility to ask about "any possible conflict" between VE testimony and the DOT, and to obtain an explanation for any such conflict. *Renfrow v. Colvin*, 496 F.3d 918, 920-21 (8th Cir. 2007); *Kemp v. Colvin*, 743 F.3d 630, 633 (8th Cir. 2014); see Soc. Sec. Ruling ("SSR") 00-4p, 2000 WL 1898704 (Dec. 4, 2000)(mandating that the ALJ ask the VE whether there is a conflict, and then obtain explanation for any such conflict). In *Kemp*, where the jobs presented by the VE conflicted with the hypothetical posed by the ALJ, an unresolved conflict existed, and the court reversed.

Here, the ALJ posed a hypothetical limiting a claimant to light work with only occasional overhead reaching with the right hand and arm, and no overhead reaching with the non-dominant left arm.[2] (Tr. at 49-50). The VE offered a rather confusing answer: "The DOT does not address overhead reaching . . . you're asking me to testify that [bilateral overhead reaching] would never occur, and I can't . . .I could give you three full-time jobs that have occasional reaching that I ***cannot say would not require*** bilateral [reaching]." (Tr. at 49-51). When the VE was asked again about reaching requirements by Richardson's attorney, he said he would be hesitant to testify that the jobs identified did not require occasional bilateral reaching. (Tr. at 53). It appears that the VE

---

[2] The second hypothetical included the same limitations, but at the sedentary level.

4

cannot say with certainty that the jobs he identified match up with the ALJ's limitations on reaching. The ALJ, therefore, was presented with a conflict (at either the light or sedentary level), and had a duty to inquire about that conflict. He did not ask the VE to clarify the conflict.

In addition, in the decision, the ALJ listed the RFC as sedentary, without any postural limitations. (Tr. at 19). But he did include reaching limitations in the hypothetical, so he was bound to include those in the written RFC. The Commissioner argues that this was scrivener's error, and thus harmless. The Court finds this error to be consequential, as it provides an RFC that was not addressed by VE testimony. For the foregoing reasons, the Court finds that the ALJ erred at Step Five.

## V. Conclusion:

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence. The ALJ did not fulfill his duty to resolve an apparent conflict between the DOT and the VE testimony.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be REVERSED and the case be REMANDED for further review, with instructions to clarify requirements of any jobs identified by the VE at Step Five.

DATED this 18th day of July, 2018.

_____
UNITED STATES MAGISTRATE JUDGE